IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIAM YANCEY JONES | § | |
| VS. | § | CIVIL ACTION NO. 5:14cv89 |
| S. YOUNG | § | |

## MEMORANDUM OPINION

Petitioner William Yancey Jones, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

## The Petition

Petitioner believes the Bureau of Prisons should have determined that he be assigned to a Residential Reentry Center ("RRC") 12 months prior to the expiration of his sentence. Instead, the Bureau determined he would only be assigned to an RRC for the last 151-180 days of his sentence. Petitioner asserts this determination violated the Second Chance Act, which is codified, in part, at 18 U.S.C. § 3624(c).

## Discussion

As stated above, petitioner complains that he has been improperly denied placement in a Residential Reentry Center for a

---

[1] Pursuant to the written consent of the parties, this matter has been assigned to the undersigned United States Magistrate Judge for all proceedings, including entry of judgment.

full 12 month term.  However, after the petition was filed, petitioner informed the court that he has been transferred to a RRC in St. Louis, Missouri.

A lawsuit is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed.Appx. 256, 257 (5th Cir. Feb. 22, 2007) (citing *Brown v. Resor*, 407 F.3d 282, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).  The issue of whether a case is moot presents a jurisdictional matter because it implicates the requirement set forth in Article III of the Constitution that an actual controversy exist at all stages of federal court proceedings.  *Bailey*, 821 F.2d at 278.  A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed.Appx. 329, 331 (5th Cir. Oct. 6, 2005) (citation omitted).

Petitioner asks the Court to direct the Bureau to transfer him to a RRC earlier than the Bureau previously determined.  As petitioner has already been transferred to an RRC, the Court can no longer grant him the relief he seeks. As this Court cannot grant the relief requested by petitioner, this petition is moot.

In addition, even if this petition were not moot, petitioner would still not be entitled to relief because his claims are without merit.

In compliance with the Second Chance Act, the Bureau of Prisons promulgated a regulation that provides, in pertinent part:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. Section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22. In turn, § 3621(b) requires the Bureau to consider the following five factors when determining a prisoner's place of imprisonment: (1) the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's offense; (3) the prisoner's history and characteristics; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission.

The respondent has provided evidence that the Bureau considered the five statutory factors, including the nature and circumstances of petitioner's offense and his history and characteristics, before determining that he should spend less than 12 months in a RRC. A declaration from James D. Cook, a supervisory attorney with the Bureau of Prisons, states that in February, 2014, petitioner was appropriately reviewed for RRC placement under the five factors set forth in § 3621. The review concluded that petitioner should be placed in an RRC 5-6 months prior to his release date.

3

While petitioner disagrees with the Bureau's conclusion that he not be placed in an RRC for 12 months, he would only be entitled to relief in this proceeding if he established he was in custody in violation of the Constitution and laws of the United States. However, petitioner's disagreement with the Bureau's conclusion as to how much time he should spend in a RRC does not establish a constitutional violation as nothing in the Second Chance Act or § 3621(b) entitles petitioner or any other prisoner to any guaranteed placement in a RRC. *See Johnson v. Pearson*, 2009 WL 5217022 (S.D. Miss. Dec. 29, 2009); *Wilson v. Keffer*, 2009 WL 1230020 (W.D. La. May 5, 2009); *Reid v. Dewalt*, 2009 WL 2448023 (E.D.Ky. Feb. 11, 2009). "The duration of RRC placement is a matter to which the [Bureau of Prisons] retains discretionary authority." *Walker v. Sanders*, 2009 WL 2448023 (C.D.Cal. Aug. 10, 2009). In light of the consideration that the Bureau gave petitioner's request for placement in a RRC for 12 months, as set forth in the declaration of Mr. Cook, it cannot be concluded the decision to place petitioner in a RRC for less than 12 months was an abuse of discretion. *See Banks v. Pearson*, 2010 WL 2817180 at *4 (S.D.Miss. Mar. 22, 2010) ("The record before the court established [the Bureau] considered the appropriate

factors–which is all it was required to do ...."). Petitioner's claims are therefore without merit.[2]

## Conclusion

For the reasons set forth above, petitioner's claims are moot and without merit. An appropriate final judgment shall be entered.

**SIGNED this 30th day of June, 2015.**

/s/ Caroline M. Craven
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also asserts he was improperly denied a one year sentence reduction upon completion of the Residential Drug Abuse Program. However, 28 C.F.R. § 550.55 provides that inmates such as petitioner, who have a prior conviction for robbery, are ineligible for a sentence reduction.

5